UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARQUIS DARGON,

    Petitioner,

v.	**CASE NO. 8:10-CV-1192-T-30MAP**
    CRIM. CASE NO. 8:06-CR-349-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's "Request for Reconsideration of the Denial of His Motion Pursuant to Title 28 U.S.C. § 2255, and Request for Conclusions of Law" (CV Dkt. 10) in which Petitioner requests the Court reconsider its September 29, 2010 Order denying Petitioner's § 2255 motion (see CV Dkt. 8). Petitioner fails to cite any legal authority for his motion.

The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). In addressing the classification of postjudgment motions, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted).

Petitioner challenges the substance of the Court's order denying his § 2255 motion. Petitioner's motion, however, cannot be considered pursuant to Rule 59(e) because he failed

to file it within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).[1] The judgment was entered on September 30, 2010 (CV Dkt. 9). Petitioner's motion is dated January 12, 2011 (CV Dkt. 10 at p. 9). Thus, the motion is untimely pursuant to Rule 59(e). While *pro se* litigants are held to a lesser standard than attorneys, *see Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), they are still required to comply with judicial deadlines. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999)(holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines") (*overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). Consequently, the Court will treat Petitioner's motion as filed pursuant to Rule 60(b).

Initially, "[a] Rule 60 motion that attacks the defendant's conviction or the merits of the previous resolution of a post-conviction claim must be construed as a successive § 2255 motion." *Shivers v. United States*, 2011 U.S. App. LEXIS 10291, *7 (11th Cir. May 20, 2011) (unpublished opinion) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). Petitioner's construed Rule 60(b) motion attacks the merits of this Court's resolution of the claims asserted in his § 2255 motion. Thus, Petitioner's Rule 60(b) motion is in essence a successive § 2255 motion. Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Petitioner's successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) Therefore, the construed Rule 60(b)

---

[1] "Any motion to alter or amend a judgment mus be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

motion is denied for lack of jurisdiction.

Even if, however, the Rule 60(b) motion were not properly characterized as a second or successive § 2255 motion, it lacks merit. The purpose of Rule 60(b) is to define the bases available to a party for relief from a judgment or order. Grounds for relief include, *inter alia,* mistake, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(1), for example, permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Id.* With the exception of subsection (6), relief from a judgment pursuant to Rule 60(b) must be on motion made within one year of the judgment, therefore Petitioner's motion is timely pursuant to that rule.

Petitioner has not demonstrated that the judgment was entered as a result of a mistake, inadvertence, or surprise. While Rule 60(b)(6)affords the district courts discretion to grant relief in order to do justice, the Court is guided in the exercise of its discretion by settled circuit precedent. The Eleventh Circuit has held that "[R]ule 60(b)(6) should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

Petitioner has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order. *See Crapp v. City of Miami Beach Police Dep't*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only

3

upon a showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000), (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'")). Simply put, Petitioner has not demonstrated any basis for the Court to reconsider its Order.

Accordingly, for the foregoing reasons, the Court **ORDERS** that Petitioner's construed Rule 60(b) motion (CV Dkt. 10) is **DENIED**. To the extent that Petitioner seeks a certificate of appealability to appeal this ruling, and to proceed on appeal *in forma pauperis*, that request is likewise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record

4